# Clinton Mining Company v. Bradford.

## Injury to Servant.

(Decided February 4, 1915. Rehearing denied May 20, 1915. 69 South. 4.)

1. *Appeal and Error; Invited Error; Instruction.*—Where, at the instance and inducement of defendant, the court gave written instructions applicable to the law of master and servant, containing no intimation that plaintiff was not a servant of defendant, the defendant may not on appeal, raise the point of a want of evidence to show such relation.

2. *Master and Servant; Injury to Servant; Remaining in Employment.*—Under section 3910, Code 1907, the defenses of assumption of risk and contributory negligence are available where the employee knew of the defect or negligence, and failed within a reasonable time to give information thereof to the employer or the superior, unless the employer or superior knew of the defect or negligence; or where the injured employee knew of the defect or negligence, and it was his duty to remedy the defect, and thereafter remained or continued in the service, and was injured; or where he committed the negligent

[Clinton Mining Company v. Bradford.]

act causing the injury by breaching some duty; the words "remain in the employment" signify a continuance in the service or work of the employer in the zone of possible danger of injury to the employee then knowing of the existence of the defect or negligence.

3. *Same; Pleading; Proviso; Exception.*—Under section 3910, Code 1907, a plea to an action for injury to a miner by a rock falling on him from the roof of the mine, which attributed the injury to the fact that the plaintiff negligently exposed himself to injury by going under loose rock in the roof, of the danger of which action he was aware, or should have known had he observed ordinary care, is faulty for not averring that the miner was under the duty to remedy the defect set forth in the complaint, or that he committed the negligent act causing the injury, as that part of said section following the word "provided" is not a proviso, but an exception constituting an element which must be affirmatively asserted by an employer relying thereon.

4. *Pleading; Statutes; Exceptions.*—Where there is an exception in the enacting clause of a statute, the party pleading must show that the adverse party is not within the exceptions, but where there is an exception in a subsequent clause or statute, then the exception is a matter of defense to be set up and shown by the adverse party.

5. *Trial; Defective Plea; Withdrawal.*—In an action at law where an issue is joined on a defective plea without having tested it by demurrer, and there is evidence supporting the plea, it is error to withdraw from the jury the issue made by such plea and the evidence.

6. *Charge of Court; Misleading; Requesting Explanation.*—Where a charge is deemed to have misleading tendencies but is not erroneous in its application of the law to the facts in the particular case, the adversary party is put to a request for an explanatory instruction before he can successfully allege error in the giving of the misleading instructions.

7. *Master and Servant; Injury to Servant; Instructions.*—Where the action was for injuries received by a miner from rock falling upon him, a charge that if it was impracticable in the conduct of mining operations to set timbers any closer to the place of ore than they were set in this case, the employer was not guilty of negligence for a failure to set such timbers, was rendered bad by the use of the word "impracticable" since that was too indefinite.

8. *Same; Evidence.*—Where the action was for injury to a miner by rock faliing on him, it was competent to show that when the miner asked for the setting of timber he was directed to' go ahead.

9. *Appeal and Error; Waiver; Failure to Insist.*—An assignment of error which was not insisted on either in brief or oral argument is deemed waived.

10. *Master and Servant; Injury to Servant; Contributory Negligence.*—In an action for personal injury a plea of contributory negligence is one of confession and avoidance of the cause of action to which it is addressed, and in determining its legal effect or sufficiency, it must be considered in connection with the complaint.

11. *Same; Statutory Liability.*—In an action for injuries to a miner caused by rock falling on him from the roof of the mine, a complaint

alleging that at the time of the accident he was engaged in the discharge of his duties, that the defect causing his injuries consisted of the defective roof of the mine in which he was working, states a cause of action under subdivision 1, section 3910, Code 1907.

12. *Same; Contributory Negligence; Plea.*—Where the complaint alleged that the falling of a rock from the roof of a mine caused the injury complained of, and that it fell because of the defective roof, a plea attributing the injury to the negligence of the miner in exposing himself by going under loose rock, the danger of which he knew, or should have known, had he observed ordinary care, was predicated on the theory of his contributory negligence in remaining in the service after knowledge of the defect or negligence causing his injury.

13. *Same; Instruction.*—Where a demurrer to such a plea alleging contributory negligence by remaining in the service after knowledge of the defect had been overruled, and there was evidence to support the plea, an instruction asserting that the employee was not guilty of contributory negligence by remaining in the employment after knowledge of the defect, unless it was his duty to render the same, withdrew from the jury the issues made by the pleading, and was erroneous.

14. *Same; Pleading.*—The contributory negligence of an employee who sues for personal injury must be specially set up by the employer or it is not available in defense.

15. *Charge of Court; Error in One Cured by Another.*—Error in a charge in withdrawing from the jury the issue of contributory negligence because of a continuation in the work with knowledge of the defect causing injury was not cured by a charge that if the employee had been warned, and he disregarded the warning and was injured, he could not recover, since the two charges proceeded on distinct theories.

16. *Same; Conflicting.*—It is error to reversal to give conflicting instructions.

17. *Appeal and Error; Review; Technical Error.*—The provisions of rule 45 do not authorize the appellate court to ignore error in an instruction withdrawing an issue defectively pleaded, where such defect was not specifically pointed out, since section 5340, Code 1907, gives the party complaining the right to have the defect distinctly pointed out, and the right to amend.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Sam Bradford against the Clinton Mining Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count charged the defect in the ways, works, machinery, etc., of defendant, in that the roof of the mine in which plaintiff was working was defective.

[Clinton Mining Company v. Bradford.]

The second plea was as follows: Defendant says plaintiff was himself guilty of negligence which proximately contributed to the injuries complained of, in this Plaintiff at the time he sustained the injuries complained of was engaged in mining in a certain heading in defendant's mine in the roof of which near the place at which he was at work there was some loose rock or slate which was likely to fall, which fact and the danger to plaintiff arising therefrom was known to plaintiff, or should have been known to him in the exercise of due care, notwithstanding which plaintiff went under said rock or loose slate, and the same fell, striking him and causing the injuries complained of.

The instruction made the basis of the second assignment of error is as follows: I charge you that, if you believe plaintiff is entitled to recover, you may award him such damages for his pain and suffering, if you believe from the evidence that he has had such pain and suffering, as, in your sound discretion, you think he is entitled to.

Assignments of error: (4) If you believe from the evidence that it was impracticable in the conduct of defendant's mining operation to set timbers any closer to the place of ore than they were set in the instant case, you cannot find defendant guilty of negligence for failing to set such timbers.

(7) In overruling defendant's objection to the question to the witness Thompson: "I will ask you if it is not a fact that on Saturday Sam asked you to set him some timbers there, in the presence of Elbert Steele, and you told Sam this, or these words, or this in substance, to go ahead, that you would not give him any timbers at this time; to go ahead and work in that entry?"

(8) Overruling defendant's objection to the question to the witness Bradford: "If, on Saturday, when you

reported to Mr. Thompson that you didn't have—reported to him that you wanted some timber, he made this statement to you, in substance, that he would not let you have any more timbers then, but for you to go ahead and work in that entry."

PERCY, BENNERS & BURR, for appellant.

HUGO BLACK, for appellee.

McCLELLAN, J.—This action, instituted by the appellee against appellant, was finally tried on issues tendered by the first count of the complaint. It was drawn to state a cause of action under the first subdivision of the Employer's Liability Act (Code, § 3910). The means of injury was the falling of rock or slate upon him from the roof of defendant's ore mine.

In addition to the general issue, the defendant interposed plea 2, which the report of the appeal will contain. This plea attributed the injury complained of to the alleged fact that plaintiff negligently exposed himself to the injury he received by going under loose rock or slate in the roof of a certain heading in the mine, of the dangers of which action he was aware or should have known had he observed ordinary care. The plaintiff's demurrer to the plea was overruled.

(1) It is now insisted for appellant that there is no evidence in the record tending to sustain the material averment that at the time plaintiff was injured the relation of master and servant existed; but, to the contrary, it is asserted that the evidence undisputedly showed that the plaintiff was a "contractor."—*Warrior-Pratt Coal Co. v. Shereda*, 183 Ala. 118, 62 South. 721; *Hubbard v. Coffin & Leake*, 191 Ala. 494, 67 South. 697. No suggestion of this nature appears to have

been intimated or made during the trial below. On the other hand, the court gave to the jury at the instance of defendant (appellant) its charge numbered 8, wherein rules of law applicable to "employer" and "employee" (we quote these terms from the thus given charge) were defined in respect of the measure of care due an "employee," by the "employer," and the nature of the risks assumed by the "employee." Having thus voluntarily induced the court to advise the jury as its charge 8 did, the defendant (appellant) cannot be here heard to urge error as upon the refusal of the court to give effect to an entirely inconsistent theory in the premises.—*L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 697, 55 South. 1001, and cases therein cited.

At the request of the plaintiff the court gave the following instruction to the jury: "I charge you that you cannot find plaintiff guilty of contributory negligence by reason of his remaining in the employment of defendant after knowledge of a defective roof, if you believe from the evidence that the roof was defective, unless it was his duty to remedy such defect."

It is manifest that the effect of giving this instruction to the jury was to eliminate the substance of plea 2 from consideration by the jury, and to deny to defendant the benefit of the matter of the plea in bar of the recovery sought under the first count of the complaint, the plea 2 having been held not subject to the demurrer interposed.

(2) In the presently important particular Code, § 3910, reads: "Provided, that in no event shall it be contributory negligence or an assumption of risk on the part of the servant to remain in the employment of the master or employer after knowledge of the defect or negligence causing the injury, unless he be a servant whose duty it is to remedy the defect, or who commit-

ted the negligent act causing the injury complained of."

We have recently had occasion to consider this feature of the statute (section 3910) in the concrete cases of *Burnwell Coal Co. v. Russ Setzer,* 191 Ala. 398, 67 South. 604, and *Standard Cement Co. v. Thompson,* 191 Ala. 444, 67 South. 608. In the former case it was ruled, in substance, that the theory the trial court put into effect by its rulings, viz., that the 1907 addition to the statute effected to inhibit the defenses of assumption of risk and of contributory negligence in all circumstances except the two mentioned in the last sentence in the quoted feature of the statute, was erroneous, because of a misinterpretation of the effect of the 1907 addition to the statute. In the latter case it was ruled, in substance, that the 1907 addition to statue (section 3910), before quoted herein, did not operate to repeal or to qualify the preceding feature of the statute, viz., that forbidding a recovery where the employee knew of the defect or negligence, and failed within a reasonable time to give information thereof to the master or the superior, unless the master or superior knew of such defect or negligence. It is not to be supposed that the last-indicated feature of the statute was left in it to no purpose, which would be the result if the 1907 addition to the statute was interpreted as destroying the defenses of assumption of risk and of contributory negligence, except in the two cases mentioned in the last sentence of the addition quoted ante.

So, without assuming to interpret the present statute (section 3910) beyond the necessities of the concrete case presented, and drawing down to the present for complete statement of and giving effect to, the statute as it exists, in virtue of the mentioned addition in the Code of 1907, we can now state its whole effect in re-

spect of causes of action under the first subdivision of
the Employers' Liability Act, which is that the defenses
of assumption of risk and of contributory negligence
are available in only three circumstances, viz.: (a)
Where, as in the *Thompson Case, supra,* the servant
knows of the defect or negligence and fails to give in-
formation thereof within a reasonable time to the mas-
ter or to a superior in the service, unless the master
or such superior knows of the defect or negligence, (b)
where the injured servant, whose duty it is to reme-
dy the defect alleged to have caused his injury, knew
of the existence of the defect or negligence, and there-
after remained or continued in the service and was in-
jured, (c) where the injured servant "committed the
negligent act causing the injury complained of," mean-
ing a breach of some duty by the servant whereby the
defect, or negligence predicable of it, was caused by
the act or omission of the servant suffering the injury,
thus negativing in that respect the existence of a de-
fense based on assumption of risk or contributory neg-
ligence other than may arise from the breach of duty
by the servant to which we have last referred. See *H.
Ave. & B. R. R. Co. v. Walters,* 91 Ala. 435, 443, 8
South. 357, 360, where it is said: "An employee can-
not create or consent to the creation of a defect, and
hold the company answerable in damages for any in-
jury caused thereby."

To "remain in the employment" signifies con-
tinuing in the service or work of the master in the zone
of possible danger of injury to that servant, who then
knows of the existence of the defect or negligence to
which under the first subdivision of the act (section
3910), his injury is attributed in his pleading.

(3) In the light of these considerations it is mani-
fest that plea 2 was subject to aptly grounded demur-

rer. Under its obvious theory that plea was faulty in that it was not averred that the plaintiff was under the duty to remedy the defect described in the complaint, or that he committed the above-defined negligent act causing the injury complained of. But no ground of the demurrer took the objection indicated. The perhaps apt analogy afforded by the ruling made in *L. & N. R. R. Co. v. Wilson,* 162 Ala. 588, 600-603, 50 South. 188, treating and sustaining plea 3, wherein it was simply averred that the plaintiff knew of the defect or negligence complained of, and failed to give information thereof, within a reasonable time, to the master or superior, to the effect that the matter of the master's or superior's knowledge of the defect or negligence complained of should be brought forward by replication to the plea, has not been overlooked or ignored. The court was divided in opinion on the question; but it was decided by the concurrence of four of the seven members. The ruling has been since followed in *S. S. S. & I. Co. v. Webster,* 183 Ala. 322, 62 South. 764, which was concurred in by the full bench, except Dowdell, C. J., who was not then sitting, but who was of the concurring members when the *Wilson Case, supra,* was decided. That matter must be now regarded as settled. But the analogy, if such it be, will not be accepted as influential in the method of pleading assumption of risk or contributory negligence under the added 1907 feature of the statute, section 3910.

(4) Exceptions and provisos are said to denote distinct conceptions and to have in orderly pleading distinct effects.—*Fike v. Stratton,* 174 Ala. 541, 558, 559, 56 South. 929. And, when it comes to asserting a right or a defense in pleading under statutes or contracts containing exceptions or provisos, it is essential that the distinction be noted and observed. They are gen-

erally defined in *Fike v. Stratton, supra.* So this sound
general rule of pleading is thus set down in *Bellinger
v. State,* 92 Ala. 86, 88, 9 South. 399, 400: "If there is
an exception in the enacting clause, the party plead-
ing must show that his adversary is not within the ex-
ception; but, if there be an exception in a subsequent
clause, or subsequent statute, that is matter of defense,
and is to be shown by the other party."

See, also, *Sims' Case,* 135 Ala. 61, 33 South. 162;
*Bell's Case,* 104 Ala. 79, 15 South. 557. The last sen-
tence in the added 1907 feature of section 3910 is, so
far as that addition is concerned, an exception, not a
proviso. The two circumstances therein defined, under
which assumption of risk or contributory negligence
are available to the master as defenses, are descriptive
of the classes of servants who may be guilty of assump-
tion of risk or of contributory negligence, and thus ef-
fects to define, so far as that addition to the statute does
define, who may not be precluded of a recovery by reason
of the assumption of the risk or by reason of contrib-
utory negligence. The exception, the "unless" sentence,
in the addition to the statute, is hence an element of
the "enacting clause," and, in consequence, the affirma-
tive obligation is on the pleader (the defendant), who
would assert the defenses mentioned in the addition to
the statute, to exclude the injured servant by positive
averment from the stated exceptions in the statute. So,
we repeat, plea 2 in this case was faulty, and should
have been demurred to on the particular ground stated.

(5) It is clear that the given charge 2, quoted above,
had the effect to eliminate any advantage to the defend-
ant under the terms of its plea 2, a plea that was de-
fective in the respects hereinbefore indicated. It is
also clear that when referred to the evidence, as must
be done, the charge thus given for the plaintiff was with-

out fault. So the question is made by this status: A bad plea is sustained by properly overruling an ineffective demurrer, and the substance of the issue made by such plea is withdrawn from the jury's consideration by a special charge, requested by the plaintiff, that correctly stated the law of the case if the plea had been aptly phrased to assert a possible defense under the evidence which carried no affirmation or inference that the plaintiff "committed the negligent act causing the injury complained of."

It has been long, if not from the beginning, established in this jurisdiction that in actions at law parties may try their causes upon such issues as they choose; and the result, in actions at law, should, if free from error, be in accordance with the issues made by the pleadings.—*Glass v. Meyer Co.,* 124 Ala. 332, 26 South. 890, among others. So, when issue is joined on either an immaterial or a defective plea, without first testing it by appropriate demurrer, the substance of such pleas constitutes the issues litigable; and, if there is evidence tending to support such pleas, the court will err if it withdraws from the jury's consideration the issues made by such pleas.—*Mudge v. Treat,* 57 Ala. 1; *Mobile Ry. Co. v. Watters,* 135 Ala. 227, 230, 33 South. 42. It thus results that the sufficiency or materiality vel non of a pleading cannot be tested by an instruction to the jury, though it would not be prejudicial error to eliminate from the jury's consideration the issues tendered by a pleading if a material averment thereof was entirely without support in the evidence. Hence the trial court was in error in giving, at plaintiff's request, the special instruction hereinbefore quoted, for the reason that it eliminated the issues made by the allegations of plea 2, upon which issue was taken, unless there was no evidence to support a material averment

of that plea. The substance of the plea as written is that the plaintiff knew, or, if he had exercised due care, would have known, that loose rock or slate was in the roof of the mine; that it was likely to fall; that there was danger of injury to him if he went under said loose rock or slate; and that, notwithstanding, he negligently went under the loose rock or slate, which, falling, injured him.

The entire evidence has been carefully considered. It is clearly impossible to say that any one of the material averments of plea 2 are without support in the evidence. In consequence, it must be ruled that the court erred, under the issues made by the averments of plea 2, in giving the special charge quoted, and that this error was prejudicial to the appellant. For that the judgment must be reversed.

(6) There is no merit in the second assignment of error. The instruction therein quoted will be shown in the report of the appeal. It dealt with the awarding of damages for pain and suffering, if the bases for such were found by the jury to have existed. There is no legal standard for the measurement of such damages.—*W. U. Telegraph Co. v. Sneed,* 115 Ala. 670, 676, 22 South. 474. The sound impartial discretion of the jury must be invoked in the ascertainment of damages on those accounts. If the charge possessed misleading tendencies, the defendant should have requested explanatory instructions.—*Randle v. B. R., L. & P. Co.,* 169 Ala. 314, 322, 53 South. 918. There were tendencies in the evidence to invite a finding that the unconsciousness mentioned in brief for appellant was in consequence of the injury plaintiff received in defendant's mine.

(7) The requested instruction set out in the fourth assignment was refused without error. "Impractica-

ble," the important word in the charge, is too indefinite a term to serve the purpose of defining the measure of a duty or of excluding as a breach of duty an omission to do a certain thing with a view to the safety of others.

(8, 9) The subjects of assignments numbered 7 and 8 are plainly without merit. Assignment numbered 6, not being insisted upon in brief, was waived.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

### ON REHEARING.

The reversal of the judgment of which the plaintiff makes complaint in his application for rehearing is based upon the action of the court in giving to the jury, at plaintiff's request, special charge 2, whereby the effect wrought was to eliminate the matter of defense set up in plea 2, upon which issue was joined after plaintiff's inaptly grounded demurrer was overruled. The chief contention of the applicant is that the special instruction mentioned did not have the effect to eliminate from the jury's consideration the issues tendered by, and joined as upon, the averments of plea 2. Originally, it was not thought at all necessary to enter upon a detailed statement of the considerations inviting and unlerlying the ruling made in this connection, but out of deference to the earnest insistence of counsel in the application for rehearing we will now do so.

(10-12) The plea's theory is that the plaintiff's right to recover was barred by his contributory negligence. Such a plea is, of course, one of confession and avoidance of the cause of action to which it is addressed.

[Clinton Mining Company v. Bradford.]

In determining the sufficiency or the legal effect of pleas, they must be read and considered in connection with the count or complaint to which they are interposed. So the legal effect of plea 2, in respect of the issues it tendered, and, by joinder thereupon, of the issues it made, must be ascertained by reference to the cause of action it purports to answer. This cause of action was stated in count 1 of the complaint. This count, drawn to state a cause of action under the first subdivision of the Employers' Liability Act (Code, § 3910), declares as upon a defective roof in a mine operated by the defendant, appellant. It alleges that at the time the plaintiff was injured he "was engaged in the performance of his duties as such employee" of the the defendant, and that the defect causing his injury "consisted in this, viz., the roof of the mine in which plaintiff was working was defective." Besides, the plea itself affirms that the plaintiff, at the time of his injury, was engaged in the mining operations. Now, the very nature and the averments of the plea (2) require the assignment to it of the legal effect of confessing the cause of action set forth in count 1, and of undertaking the avoidance thereof by recourse to the asserted contributory negligence of the plaintiff. The plea, of course, admits the material, above-quoted averments of the count wherein it is alleged that plaintiff was, when he was injured, actually engaged in the service of the defendant, his employer. Reading the plea in connection with this fact, expressly averred in the count, and to be taken as confessed so far as plea 2 is concerned, the plea's effect is to say that while the plaintiff was engaged in performing his duties for his employer, in the mining operations described and as described in the count, he "negligently went," in the performance of his duties, under the roof of the mine, which

he knew, or ought to have known by the exercise of due care, was likely to fall, and was, in consequence, injured. So interpreted, and that is the only possible interpretation of the plea in its relation to the count, it is obvious that the plea must be assigned to the category of pleas predicating contributory negligence of the injured servant upon his remaining in the service of the master after knowledge of the defect or negligence causing his injury.

(13) It is urged for the applicant for rehearing that the abstract meaning of the word "went," as employed in the plea, and of the word "remaining," as that word signifies in the statement of the doctrine with reference to which it is commonly used and as used in the before-quoted added (in 1907) provisions of the statute (Code, 3910), effect to oppose the pertinent idea expressed in the plea to the idea imported by the use of the term "remain" in the doctrine against the availability of which in defense the added provision of the mentioned statute concludes, and hence refutes the notion that the proposition of charge 2, given at plaintiff's instance, which pronounced a sound legal result in accordance with the mentioned provision of the statute under the evidence in this record, was not in contradiction of the substance of the matter of defense asserted by plea 2; in short, that said charge 2 did not conclude against defense asserted by plea. The adoption of that conclusion would, as we have already indicated, construe the plea without any sort of reference to the stated averments of count 1, to which it is addressed, to say nothing of its own assertion that, when injured, the plaintiff was then engaged in the master's service. If it were possible to view the plea as only serving to affirm that plaintiff was negligent in going into a place of known peril, or in going into a place

[Clinton Mining Company v. Bradford.]

which the exercise of due care would have made known to him was dangerous, there would be basis for the insistence, in such circumstances, that "to go" is not the equivalent of "to remain." But the pleadings (count 1 and plea 2) set forth no such noncompound state of circumstances and relation. As presently important, the plea's legal effect (after demurrer overruled) as a response to the count is to affirm that, notwithstanding he knew or ought to have known of the defect and of the danger, he continued to perform his duties, and so doing he negligently "went" into danger, and negligently subjected himself to danger, and was in consequence injured.—*B. R. & E. Co. v. Allen,* 99 Ala. 359, 13 South. 8, 20 L. R. A. 457. The plea being to the legal effect stated, charge 2, quoted in the original opinion, was in immediately contradiction of it, for it flatly concludes against contributory negligence "by reason of his remaining in the employment of defendant after knowledge of a defective roof."—*B. R. & E. Co. v. Allen, supra;* Code, § 3910.

(14, 15) It is further insisted that the benefit of the defense set up in plea 2 was not denied defendant because the following special instruction was given to the jury at defendant's instance: "If you believe from the evidence that plaintiff had been warned by the mine foreman, Pitts, not to go under the rock which fell upon him, and that it was dangerous, and that, disregarding such warning, plaintiff went under said rock, and it fell upon him, he cannot recover in this case."

There was no plea attempting to assert plaintiff's contributory negligence as upon his disregard of warning given him, as the charge hypothesizes, by his superior, Foreman Pitts. In this jurisdiction contributory negligence must be specially pleaded.—3 Labatt on Master & Servant (2d Ed.) § 1280, and notes; *A.*

*C. C. & I. Co. v. Hammond*, 156 Ala. 253, 47 South. 248. The matter of the charge 7 was not made an issue by appropriate plea; and hence it should have been refused. But, aside from this, the charge did not relate to the issue made by plea 2. The plea's legal effect has been stated. The charge 7 proceeded upon the distinct theory of disregard of warning by the defendant's representative, and essayed to avail of the doctrine which precludes the right of the servant to recover where, disregarding the master's warning, he is injured in consequence of the defect against and of which he has been thus advised.—2 Labatt, supra; *A. C. C. & I. Co. v. Hammond, supra.* Manifestly, the evidence to establish the material averments of plea 2 was radically different from that requisite to establish the facts hypothesized in charge 7.

(16) But, even if it should be assumed that charge 7 exactly expressed the defense set up by plea 2, the status would then have been that charge 2, given at plaintiff's instance, conflicted with charge 7, given at defendant's instance, and the jury was contradictorily advised—a result that is always condemned.

(17) It is further insisted that rule 45 (175 Ala. xxi, 61 South. ix) should be applied to the end that a reversal of the judgment would be averted. Originally, the writer entertained that view; but fuller consideration led to the conclusion, according with that prevailing with the other judges, that the rule could not be given application to the status made by the pleading and stated in the foregoing opinions. The rule rests upon error committed, and expresses the doctrine that no judgment will be disturbed or reversal ordered "unless, in the opinion of the court, * * * after an examination of the entire cause," it appears "that the error complained of has probably injuriously affected sub-

[Birmingham Railway, Light & Power Co. v. Ayer.]

stantial rights of the parties." To apply the rule to the status under review would inevitably result in denying the benefit to the defendant of the right, under the statute (Code, § 5340), to have the defect in its plea distinctly pointed out by the demurrer, and the right to amend to meet the demurrer (Code, arts. 12, 13), without any basis in the record for a conclusion that these rights were innocuously denied the defendant, within the provision of rule 45. It may be that, had the before-indicated defects in plea 2 been aptly pointed out by the demurrer, the defendant would have amended his plea, and thereupon would have offered evidence to sustain the material averments of the thus perfected plea. There is nothing in this record from which we can conclude to the contrary.

The application for rehearing must be denied.

Application denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.