THOMAS v. CURRIER LUMBER CO.

1. AUTOMOBILES—TEST TO DETERMINE WHETHER PASSENGER IS GUEST.

Test to be applied in determining whether a passenger is a guest in defendant motorist's car within meaning of guest act is whether or not the transportation is furnished gratuitously (1 Comp. Laws 1929, § 4648).

2. SAME—GUEST PASSENGERS—PAYMENT FOR TRANSPORTATION.

It is unnecessary to show that plaintiff made a cash payment for his transportation in order not to hold him a guest passenger of defendant motorist, within meaning of the guest passenger act, it being sufficient if a benefit accrued to defendant by reason of such transportation (1 Comp. Laws 1929, § 4648).

3. SAME—GUEST PASSENGERS—BUILDING CONTRACTORS—PROSPECTIVE CUSTOMERS—LUMBER COMPANY—SALESMAN.

Plaintiff, a building contractor who had conducted negotiations with defendant salesman, a salaried employee of defendant lumber company, with respect to materials for a proposed house and a factory alteration job to a point where it was necessary to interview lumber company's president who ordered defendant salesman to transport plaintiff to president's office *held*, a nongratuitous passenger in salesman's car when injured while being transported to president's office, since prospect for sale of materials for either job was a benefit to both defendants (1 Comp. Laws 1929, § 4648).

4. SAME—NEGLIGENCE—PROXIMATE CAUSE—PROSPECTIVE CUSTOMERS.

Proof of ordinary negligence on part of defendant salesman for defendant lumber company *held*, sufficient to entitle plaintiff to recover from both defendants for injuries proximately caused thereby, which he sustained while he, as prospective purchaser of materials, was being transported by the salesman to office of company's president at latter's request.

5. Same—Speed—Statutes—Negligence Per Se.

Operation of car at speed in excess of that defined by statute as *prima facie* lawful *held,* negligence *per se* in action for injuries by passenger in such car (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

6. Same—Negligence—Question for Jury—Speed—Wrong Side of Street.

Question of whether motorist was negligent in operating car at time plaintiff, a passenger therein, was injured *held,* properly left to jury notwithstanding showing made that excessive speed was not the proximate cause where there was testimony, though contradicted, that left wheels of car were at left of center of street (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

7. Appeal and Error—Automobiles—Contributory Negligence—Passenger's Failure to Object to Excessive Speed and Improper Operation of Car.

Contention that plaintiff, a prospective customer of defendant salesman and his employer, also a defendant, had assumed hazards of transportation by salesman to employer's office by failing to object to excessive speed and improper operation of car and was, therefore, guilty of contributory negligence *held,* without merit on appeal, where such matter was submitted to jury and resolved in favor of plaintiff.

Appeal from Wayne; Sprague (Victor D.), J., presiding. Submitted January 5, 1938. (Docket No. 22, Calendar No. 39,756.) Decided February 24, 1938.

Case by John M. Thomas against Currier Lumber Company, a Michigan corporation, and Ernest J. Wells for personal injuries sustained while a passenger in automobile owned and operated by defendant Wells. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Daniel W. Ross* and *Walter M. Nelson,* for plaintiff.

*Kerr, Lacey & Scroggie (Harry S. Toy* and *William J. Eggenberger,* of counsel), for defendant Currier Lumber Company.

CHANDLER, J. Plaintiff had verdict and judgment. Motions for judgment *non obstante veredicto* and a new trial were denied. Defendants appeal.

The principal question involved in this appeal is whether plaintiff, while riding in the motor vehicle at the time he sustained his injuries, was a "guest without payment for such transportation" within the meaning of 1 Comp. Laws 1929, § 4648. By stipulation of counsel this question was withdrawn from the consideration of the jury and the trial court found as a matter of law that plaintiff was not a gratuitous guest passenger.

Plaintiff is a building contractor conducting his business in the city of Detroit. Defendant Currier Lumber Company is engaged in the business of selling lumber and other building supplies and employed the defendant Wells as its salesman.

Plaintiff owned a lot in the city of Detroit which was located in close proximity to another lot on which the annual builders' show house was being constructed. He proposed to gain publicity for himself by erecting a house upon his lot and exhibiting the same during the time the builders' show house was being displayed, later intending to sell it. It was also contemplated that the various concerns who supplied material for the house, if constructed, would receive their share of publicity. Plaintiff was also about to undertake the alteration of a small factory for one of his customers, the plans and specifications for which called for two large doors which he intended to have constructed. He had discussed the proposition of the purchase of materials for the

house and the doors for the factory with Wells as salesman for the Currier Lumber Company. A question as to terms of payment for said materials and the price to be charged for the doors had arisen which Wells stated was beyond his authority as salesman to decide and that it would be necessary for plaintiff to make further negotiations with Mr. Currier, president of the lumber company.

Wells had discussed the prospective business with Mr. Currier and the latter had requested Wells to bring plaintiff to his (Currier's) office for an interview. An appointment was arranged and on the morning of November 12, 1934, Wells called plaintiff and they agreed to meet at plaintiff's office and from there go to the office of Mr. Currier. Wells advised plaintiff that he was in a hurry, stating that after taking plaintiff to Mr. Currier it was necessary for him to return to the neighborhood on other business. Plaintiff wanted to drive his car but Wells advised that Mr. Currier had sent him to convey plaintiff to his office, and he so testified. While being thus transported by Wells in a Plymouth car owned and operated by him, an accident occurred resulting in plaintiff's injuries.

The appellant, Currier Lumber Company, urges six reasons in support of the claim that plaintiff was a gratuitous guest passenger as a matter of law and therefore cannot recover, there being no proof of gross negligence or wilful and wanton misconduct on the part of its salesman Wells. Briefly, they are: that Wells, on other business, would have made the same trip on the morning of the accident whether plaintiff accompanied him or not; that plaintiff would have gone anyway had he not gone with Wells; that plaintiff had entered into no contract of any description either with Wells or the lumber

company prior to the accident; that further negotiations concerning the prospective business with Wells was of no avail as Wells had no authority as salesman to proceed; that Wells received no payment for transporting plaintiff; and finally, that Wells would receive nothing if the business was satisfactorily terminated and a sale made as he was paid on a salary rather than a commission basis and received only gas, oil and minor repairs for the use of his car.

We are unimpressed by the argument of appellant. We have previously held, in considering the statute in question, that the test to be applied is, "Was the transportation furnished gratuitously?" *McGuire v. Armstrong*, 268 Mich. 152 (36 N. C. C. A. 252). It would not be necessary, in holding that plaintiff was not a gratuitous guest passenger, to find that a cash payment was made by him for his transportation. It is sufficient if a benefit accrued by reason of such transportation. That both defendants were benefited in the instant case cannot be reasonably denied. The negotiations relative to the sale of the building materials and construction of the doors for the factory could proceed no further without consultation with Mr. Currier. In the absence of an interview with him no possibility of entering into a contract of sale existed. The lumber company would be desirous of consummating the contract not only because of the prospect of the profit to be derived immediately but because of the publicity it would receive from the construction of the proposed house to be displayed to the public by plaintiff. Either of these prospects, which could not possibly materialize in the absence of an interview with Mr. Currier, were benefits sufficient to characterize plaintiff as a nongratuitous passenger.

The same factors are applicable to the case of defendant Wells, who, as a salesman, would be interested in producing a volume of business. Although reimbursed for his services on a salary basis, it is safe to assume that he could not hope to continue in the employ of the lumber company or aspire to promotion unless productive of business. It was therefore of benefit to him to convey plaintiff to the office of the lumber company and thus, if possible, complete the sale. Numerous cases on this question generally are collected in *McGuire* v. *Armstrong, supra.* See, also, *Cardinal* v. *Reinecke,* 280 Mich. 15; *Beer* v. *Beer,* 52 Ohio App. 276 (3 N. E. [2d] 702); *Streeter* v. *Locke,* — Mass. — (4 N. E. [2d] 297); annotations, 82 A. L. R. 1365; 95 A. L. R. 1180.

On the foregoing facts, proof of ordinary negligence on behalf of Wells was sufficient to entitle plaintiff to recover if such negligence was the proximate cause of the accident.

Plaintiff's office was located in the northwest section of the city and the office of the lumber company in the northeast section. Wells, accompanied by plaintiff, left the latter's office and, enroute to their destination, drove east on Fenkell avenue. At the intersection of Fenkell avenue and Lesure, they collided with a Hupmobile car, which, prior to the accident, was being driven west on Fenkell, and which, at the moment of impact, was apparently making a left turn onto Lesure. Plaintiff did not see the Hupmobile until the instant of the crash and Wells claimed that it turned into the path of his car from the rear of a large truck; that he was about 30 feet distant when the car started to turn out, but that he did not have sufficient time to apply his brakes to avoid the collision.

It is conceded that Wells was operating his car at a rate of speed in excess of that defined as *prima facie* lawful by the statute (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 [Comp. Laws Supp. 1935, § 4697]), and in violation of the ordinances of the city of Detroit. Violation of the statute in this regard was negligence *per se.* *Bade* v. *Nies,* 239 Mich. 37; *Smith* v. *Ormiston,* 242 Mich. 600.

Appellants elaborately attempt to demonstrate by brief that it was mathematically impossible for the negligence arising from driving at an excessive rate of speed to have been the proximate cause of the accident, claiming that the same could not have been avoided even had Wells been complying with the law as to speed. However, there is testimony, though contradicted, that Wells was also driving with the left wheels of his car to the north of the center line. The testimony on this point is conflicting and confusing. It is clear that Wells was in haste and that in passing cars had driven to the north of the center line. Upon review of the testimony, we believe that the question as to whether his negligence was the proximate cause of the accident was properly left to the determination of the jury.

Lastly, it is urged that plaintiff was aware of the excessive speed and improper operation of the car and that, failing to object, must be held to have assumed the hazards and guilty of contributory negligence. This question was submitted to the jury and resolved in favor of plaintiff. The point is without merit.

Judgment affirmed, with costs to plaintiff.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.