178 So.2d 556

George Earl RUSSELL, pro ami.

v.

Lonnie THOMAS et al.

3 Div. 136.

Supreme Court of Alabama.

April 22, 1965.

Rehearing Denied Sept. 9, 1965.

Jack Crenshaw, Montgomery, for appellant.

Ball & Ball, Montgomery, for appellees.

PER CURIAM.

Plaintiff, a minor, suing by his next friend and father, failed by a verdict of the

jury to recover damages against defendants Lonnie Thomas and Redwing Carriers, Inc., for personal injuries which he sustained when struck by an automobile driven by Miss Martha Ann Ross (not a party defendant) immediately after he alighted on a public highway from a tractor (pulling a trailer recently emptied of gasoline) owned by Redwing Carriers, Inc., and driven by its agent or servant, Lonnie Thomas.

The tractor and trailer was being used as a unit by Redwing Carriers, Inc., an independent contractor, and driven by Lonnie Thomas, an employee of Redwing, to transport and deliver gasoline, the property of American Oil Company, to the father of plaintiff at the father's bulk station located at or near LaPine, not far from where the accident occurred. The driver of the tractor, after delivering the gasoline to the bulk station, stopped at plaintiff's home to let plaintiff off. The tractor was headed north at the time, had stopped on the left of the road (whether on or off the hard-surfaced area being in dispute), when plaintiff alighted and was hit by an automobile being driven south by Miss Ross. The exact location of plaintiff from the tractor when he was hit was in dispute.

The trial court directed the jury to return a verdict for American Oil Company. Such direction was at the instance of said company. As to the other defendants, the trial court submitted issues of fact to the jury. The jury awarded each of the two said defendants a verdict. From all judgments entered pursuant to the verdicts, plaintiff here appeals and assigns thirteen grounds of error relating to written charges given by the court at the instance of defendants. The fourteenth assignment of error contends that the trial court erred in overruling plaintiff's motion for a new trial.

As succinctly stated by appellees in their brief, the issues of law and fact as developed in the trial of the case were:

1. Whether plaintiff was a "guest" or "passenger" in defendants' truck for the purpose of determining the duty owed.

2. Whether defendants were guilty of negligence or wantonness proximately causing plaintiff's injury.

3. Whether plaintiff was capable and guilty of contributory negligence.

The bulk station was an unattended facility about one and one-half miles from the senior Russell's home. Thomas stopped at the home when and where, enroute to the bulk station to deliver a quantity of gasoline, he picked up the plaintiff and another young fellow by the name of Blackwell and transported them on the trailer-tractor to the bulk plant. Plaintiff made known to Thomas that his father wouldn't be there and that he would have to unlock the station. Also it is clear that someone had to sign a delivery ticket for the gasoline. Plaintiff unlocked the gates and Thomas began delivering the gasoline from the trailer. Plaintiff and the Blackwell child did not stay there the hour and a half that Thomas was there because Mrs. Russell, the mother of plaintiff, came and got them but brought them back. Plaintiff's father had on other occasions sent him to assist in effecting delivery of gasoline. When Thomas was through unloading, plaintiff checked to be sure that all the gasoline was delivered. The above facts were adduced on direct and cross-examination of the defendant Thomas. As we read the evidence, they were undisputed.

Was plaintiff under the above undisputed evidence a "passenger" or a "guest"?

Our statute on the subject, Title 36, § 95, Code 1940, reads as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such

injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

This court, in the case of Blair v. Greene, 247 Ala. 104, 22 So.2d 834, quoted with approval from McCann v. Hoffman, 9 Cal.2d 279, 70 P.2d 909, as follows:

" 'But it (compensation) is not given where the main purpose of the trip is a joint pleasure of the participants,' etc. * * * 'On the other hand, following the precepts and rules of construction herein noted, the cases indicate, either by direct holding or by recognition, that where the relationship between the parties is one of business and the transportation is supplied in the pursuit thereof for their mutual benefit, compensation has been given and the plaintiff is a passenger and not a guest.' " (247 Ala. 109, 22 So. 2d 837)

The same case, Blair v. Greene, supra, quotes with due recognition from Volume 4 Blashfield, Cyclopedia of Automobile Law and Practice, page 80, § 2292, the rule summed up as follows:

"One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only to the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if the carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefit or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments."

Also in the Blair case, supra, we quoted favorably from Humphreys v. San Francisco Area Council, Boy Scouts of America, Cal.App., 129 P.2d 118, as follows:

" 'To take a person riding in an automobile out of the "guest" status, it is not necessary that compensation for the ride be a strict contractual consideration or that an enforceable contract relation relative to the ride should exist between the parties.'

" 'If the excursion is not purely social, any benefit to the driver of the automobile conferred or anticipated or mutual benefit present or anticipated to the driver and the person carried is sufficient to take the case out of the automobile guest statute.' "

In Thomas v. Currier Lumber Co., 283 Mich. 134, 277 N.W. 857, cited in the Blair case, supra, 247 Ala. p. 110, 22 So.2d p. 837, it is said:

"A guest need not make a cash payment for his transportation to be a 'guest paying for his transportation' so as to be entitled under the statute to recover from motorist for injury sustained in accident without proof of gross negligence or willful and wanton conduct, but it is sufficient if a benefit accrues by reason of the transportation."

See also Sullivan v. Davis, 263 Ala. 685, 83 So.2d 434, 59 A.L.R.2d 331, wherein we said:

"The above statement [quoted from Blair v. Greene, supra], however, must be considered together with the general rule that a mere incidental benefit to the driver is not sufficient to take the rider out of the guest statute. The benefit conferred must in some degree have induced the driver to extend the offer to the rider. Further, courts have generally held that the benefit must be material and tangible and must flow from the transportation provided. (Citing cases)"

■ In the case at bar, the relationship between the driver, Lonnie Thomas, and plaintiff was clearly of a business nature. Thomas was employed by Redwing to deliver the gasoline to American's customer, Mr. Russell, father of plaintiff. Thomas stopped at the home of plaintiff and picked him up, not in furtherance of a social relationship or journey, but to facilitate and expedite delivery of the gasoline by getting plaintiff to unlock the gate which, with a fence, sealed off accessibility to the storage tanks into which the gasoline was to be emptied. It was also needful that someone with authority should sign a receipt or ticket evidencing delivery of the gasoline. It cannot be gainsaid that this service by the plaintiff was not a material or tangible benefit to the driver as well as his principal, Redwing Carriers, Inc.

The return trip to the home of plaintiff, after the service was performed, was a concluding event or circumstance. It was associated with the original transportation for the performance of the service that motivated the ride on the truck at the invitation of Thomas. We are unwilling to disassociate the return trip home and classify it as an independent ride, free of any connection with the original ride and its purpose. There was a continuity of service from the time plaintiff left home on the truck until his return.

■ In view of this relationship as established by undisputed evidence both by plaintiff and defendant Thomas, did the trial court commit reversible error in giving at the instance of defendants written charge No. 26 as follows: "A guest in an automobile is one who is being carried gratuitously and without any financial benefit to the driver."

After the jury had been out some time, they returned and posed to the trial court this question: "If we find that the driver received no financial benefit from the plaintiff, in other words, was a guest according to law, then, may the jury find for the plaintiff on the grounds of simple negligence?"

The trial judge answered the inquiry by saying:

" * * * I'm going to have to give you a two-way answer. No. You could not, under the Guest Statute. However, the question of a guest within the meaning of the Automobile Guest Statute is not completely and solely controlled by the question of financial benefit. So, for your benefit I am going to read the definition under the Automobile Guest Statute. A guest is one who takes a ride in a motor vehicle driven by another merely for his own pleasure or on his own business and without making any return or conferring any benefit on the operator thereof and the determination of whether a particular person is a guest depends on all the circumstances and is a question of fact for the jury. * * *"

No exceptions were taken to this charge.

This charge, No. 26, supra, defining a guest in an automobile, is predicated solely on the absence of financial benefit to the driver and creates a positive and erroneous impression that if there are no financial benefits to the driver, the rider is a guest. That this impression was created in the minds of the jury is manifested by the wording of their inquiry when they came out and asked for further instructions. The charge ignored any tangible or material benefits, not of a monetary or financial character, accruing to the driver or his principal, which we have held to establish a passenger relationship.

The trial court did not withdraw the misleading and erroneous instructions contained in charge 26. The additional explanatory instructions merely supplemented prior oral instructions, and also written instructions given at the instance of the plaintiff of the same import.

■ We held in McCaa v. Thomas, 207 Ala. 211, 92 So. 414, that charges which

necessarily mislead a jury, rather than have a tendency to mislead, are erroneous and not to be cured by an explanatory charge. Charge 26, supra, was not only misleading but hurtful to the plaintiff. The jury had the charge in the room with them, read it, and came out for further instructions with the import of the charge imbedded in their minds. The damage was done while the jury was in the quiet seclusion of the jury room with the written charge available for study.

■ We also held in Clinton Mining Co. v. Bradford, 192 Ala. 576, 69 So. 4, that it is error to give contradictory or conflicting instructions. See also Vol. 18A, Alabama Digest, Trial, ☞ No. 243. We quote from Clinton Mining Co. v. Bradford, supra, p. 592(16), 69 So. p. 10, as follows:

"But, even if it should be assumed that charge 7 exactly expressed the defense set up by plea 2, the status would then have been that charge 2, given at plaintiff's instance, conflicted with charge 7, given at defendant's instance, and the jury was contradictorily advised—a result that is always condemned."

We are convinced that the jury was impressed by charge No. 26, aforequoted, and not the oral charge or the written charges at the instance of plaintiff, as to what constitutes a guest in an automobile. They ignored the court's oral definition of a guest, or didn't follow the language of the court, and accepted the simple written charge as the law. There is no room to believe that they were any more impressed by the second oral charge than the first relating to the essentials embraced in the definition of a guest, but clung to the misleading and contradictory written charge. The original oral charge covered fourteen pages of transcript paper. The jury came back twice for additional clarifying instructions.

■ Affirmative instruction that the jury find for defendant American Oil Company was not error.

The trial court committed reversible error as to the other two defendants in giving written charge No. 26, supra.

We pretermit any discussion of the other assignments of error for the reason that on a second trial the questions presented by these assignments probably will not arise again. The possibility that the same questions will again be presented is too remote to justify this court in extending this opinion beyond its present scope.

It is ordered that the judgment of the court as to American Oil Company be and the same is affirmed; that the judgments as to Lonnie Thomas and Redwing Carriers, Inc., are reversed and remanded.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.

On Rehearing

PER CURIAM.

While we did comment on the factual issues as to whether plaintiff was a guest or passenger on the truck, making some observations as to our impression of the evidence and the inferences to be drawn therefrom, we did not intend to hold that as a matter of law under the evidence plaintiff was a passenger.

■ The tendencies of the evidence presented an issue for the jury to say whether plaintiff while on the truck was a guest or a passenger.

Opinion extended. Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.