BAILEY, APPELLEE, *v.* NEALE, APPELLANT.

(Decided December 6, 1939.)

*Messrs. Weick, Powers & Mason,* for appellee.
*Mr. Howard C. Walker,* for appellant.

SHERICK, P. J. The principal inquiry made in this appeal on questions of law involves the construction and interpretation of the Guest Statute (Section 6308-6,

General Code) insofar as it may or may not be applicable to the facts of this case.

The action is, of course, one growing out of an injury sustained by a passenger in a motor vehicle. The trial court disregarded the defendant's defense that the relationship existing between the parties was that of guest and host within the contemplation of the statute, and treated the case as one of simple negligence. Requests to charge the jury upon the Guest Statute were refused. The jury returned a substantial verdict in plaintiff's favor, upon which judgment was entered, and of which defendant now complains. It is maintained that the status of the passenger was one of fact for the jury to determine and not the court; and that its failure to adopt defendant's theory of the case and sustain his motions to that end, the course of trial pursued, and the ultimate conclusion thereof were all prejudicially erroneous to defendant and denied him a fair trial.

The facts established by the evidence are uncontradicted, save in the matter of actual damages. They are all important. We shall epitomize them to the point of their only logical inference.

Neale was the actual owner of all of the capital stock of the Akron Law School, a corporation for profit. Bailey was and had been a teacher therein for a number of years and was paid for his class room services. Upon Neale's request, Bailey furnished his legal services in effecting the creation of the legal entity without expectation, promise or receipt of pay. Pursuant to the order of the League of Ohio Law Schools, the corporation was required to convert itself into one not for profit or cease operation. Bailey drafted the charter amendment and devised a plan to protect Neale's investment by creation of a corporate obligation secured by mortgage on the corporation's property. Bailey and several others, upon incorporation and reorganization, had single shares issued in their names.

These certificates were, however, immediately endorsed in blank and delivered to Neale. The issuance of a single share to Bailey and others was purely for the purpose of compliance with directorship and corporation requirement statutes. The notes given to Neale to protect his investment upon reorganization, that proportionately appeared to belong to Bailey and others, were issued, endorsed and delivered to Neale. Bailey's sole interest in the Akron Law School was that of a teacher with prospect of continued employment.

The Cleveland Law School was subject to a similar requirement by the league. Neale requested Bailey to accompany him to Cleveland for a consultation and perfection of a common plan of reorganization. Bailey complied without promise, expectation or receipt of compensation. Upon their return journey Neale drove his car into a bridge abutment and Bailey was injured. The evidence establishes negligence which is not disputed.

In the course of the court's opinion in *Dorn* v. *North Olmsted,* 133 Ohio St., 375, 14 N. E. (2d), 11, it is announced that "the Guest Statute is in derogation of the common law and, therefore, must be strictly construed." This being found, it clearly followed that its purpose and intent were to relieve a guest's benefactor of liability to his guest for failing to exercise ordinary care for his guest's safety. The statute does not include such other relationships as a passenger for hire, principal and agent, master and servant, or a case where the benefactor received a benefit from his invitee.

Was Bailey, in the light of the unquestioned facts, a guest within the contemplation of the statute's terms? Clearly he was not. The court in the *Dorn case, supra,* defines the word thus in the fourth paragraph of the syllabus:

"Within the meaning of Section 6308-6, General

Code, a guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company.''

Bailey was not upon his own business or upon a pleasure jaunt. He accepted the invitation of his host in order that he might favor Neale, and aid and benefit him in the reorganization of his enterprise. Neale reaped that benefit. The fact that indirectly Bailey might and did secure a future benefit to himself as a retained teacher cannot elide from the relationship the fact of a tangible benefit to Neale.

In *Bookhart* v. *Greenlease-Lied Motor Co.*, 215 Iowa, 8, 244 N. W., 721, 82 A. L. R., 1359, the point was raised that the passenger also reaped a benefit. This was a case of an automobile salesman demonstrating a car to a prospective purchaser. Both derived a benefit. It was very properly held that a host-guest relationship did not exist, and that he was a passenger. All who accept rides in motor vehicles are passengers, but all passengers are not guests. In *Crawford* v. *Foster*, 110 Cal. App., 81, 293 P., 841, is found a like case. Its reasoning merits examination.

But defendant urges that the matter should have been submitted to the jury. If the facts had been in dispute as to whether the plaintiff was or was not a guest, the matter should have gone to the jury. But there was no such issue. We note that at the conclusion of plaintiff's case and at the end of all the evidence, defendant moved for an instructed verdict upon the theory that the evidence disclosed but one logical conclusion which was that plaintiff was a guest. Defendant demanded of the court that it interpret the evidence and end the trial. The court correctly diagnosed the situation and refused to charge upon an issue made

by the pleadings but which was not supported by any evidence. To have done otherwise would have been erroneous. Defendant's argument seems captious and incongruous.

The second claimed error is that the verdict is excessive. The evidence of loss of future school earnings is in dispute. The jury had a right to believe either Bailey or Neale in respect thereto. If it believed Bailey, and we have no means of knowing, then the amount of the jury's award for pain and suffering is represented by the balance of the verdict, less Bailey's unquestioned expenses. We are not convinced that the sum so ascertainable was exorbitant. The trial court did not think so. This court, from the evidence before it, is in a less favorable position to determine otherwise.

We find no error in the admission of evidence as urged. The judgment should be and is affirmed.

*Judgment affirmed.*

LEMERT and MONTGOMERY, JJ., concur.

SHERICK, P. J., LEMERT and MONTGOMERY, JJ., of the Fifth Appellate District, sitting by designation in the Ninth Appellate District.