83 So.2d 434

**Malcolm Leo SULLIVAN**

v.

**Willie Mae DAVIS.**

**3 Div. 723.**

Supreme Court of Alabama.

Nov. 3, 1955.

Rehearing Denied Nov. 28, 1955.

686

L. H. Walden and Rushton, Stakely & Johnston, Montgomery, for appellant.

Cates & Huddleston, Montgomery, for appellee.

MAYFIELD, Justice.

This is an appeal from a judgment in favor of the plaintiff-appellee, Willie Mae Davis, rendered by the circuit court of Montgomery County.

Plaintiff's action was brought against two defendants: Sullivan, the appellant, who was the driver of the automobile in which Willie Mae Davis, the appellee, was a passenger, and Boddie, who was the driver of the automobile which collided with the appellant Sullivan's car. The first count of plaintiff's complaint charged negligence, and the second wantonness. The verdict of the jury was in favor of defendant Boddie and in favor of the plaintiff, but against the defendant Sullivan under the negligence count of the complaint.

The single issue presented by this appeal is whether or not the plaintiff was a guest in the automobile of the defendant Sullivan, at the time of the injury, within the meaning of the Code of 1940, Title 36, § 95. Appellant's position is that Willie Mae Davis was a guest within the meaning of the guest statute above, and that he was not, therefore, liable to her for simple negligence. The error with which the appellant charges the trial court was its refusal to give two written charges; the first being the affirmative charge for the defendant without hypothesis; and the second, a charge that under the facts adduced at the trial the plaintiff was a "guest".

There is virtually no conflict in the evidence concerning the plaintiff's status in defendant's automobile at the time of the accident. The plaintiff, a negro woman, is a practical nurse and had previously

nursed the defendant Sullivan and members of his family. At the time of the accident, the defendant's wife was a patient in a Montgomery hospital. On the date of the accident the defendant Sullivan's daughter contacted the plaintiff and told her that the defendant's wife, Mrs. Sullivan, was in the hospital and asked that she come to the hospital so that they might have a family conference relative to obtaining the plaintiff's services to care for Mrs. Sullivan after she was discharged from the hospital. The plaintiff replied that she had no way to get to the hospital or back to her home. The defendant's daughter told the plaintiff that she would pick her up at her home and take her to the hospital, and that her father, the defendant, would take her home after the conference. The plaintiff agreed to these arrangements and went to the hospital to see Mrs. Sullivan. At the hospital, the plaintiff agreed with the defendant, Mr. Sullivan, that when his wife was taken home from the hospital the next day, the plaintiff would serve her at her home as a practical nurse. After this agreement was reached the plaintiff left the hospital for her home with the defendant, Mr. Sullivan, operating the automobile. While the defendant was returning the plaintiff to her home, his automobile was engaged in a collision with the automobile of Boddie. This accident was the basis of the present action. Title 36, § 95, Code of Alabama 1940, is as follows:

"§ 95. Liable only for willful or wanton misconduct.—The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

■ Our statute, and most similar enactments in other jurisdictions, do not define the term "guest". The definition of the pivotal term "guest" has largely been left to judicial construction. The so-called "guest statute" was designed to provide relief for drivers of automobiles who had extended their hospitality to passengers, and were then subjected to suit, under the common law, which held the driver responsible to his guests for a breach of duty to exercise ordinary care. Courts have generally held in determining who are "guests" within the meaning of such statute that they would not extend the influence of the statute beyond the evils which the legislature intended to correct. Blair v. Greene, 247 Ala. 104, 22 So.2d 834; Arkansas Valley Co-op Rural Electric Co. v. Elkins, 200 Ark. 883, 141 S.W.2d 538; Russell v. Parlee, 115 Conn. 687, 163 A. 404; Thuente v. Hart Motors, 234 Iowa 1294, 15 N.W.2d 622; Smith v. Clute, 277 N.Y. 407, 14 N.E.2d 455; Johnson v. Smither, Tex.Civ.App., 116 S.W.2d 812.

In construing our guest statute this court has previously given consideration to the meaning of the terms "guest" and "transported without payment therefor". Blair v. Greene, supra; Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244. It is urged by both parties to this appeal that these cases are not fully determinative of the question at bar.

In 2 Restatement of Torts, 1273, Section 490 defines a "guest" as one carried gratuitously and who may not, therefore, recover under the guest statute for simple negligence, and a "passenger" as one transported for hire or reward. Wagnon v. Patterson, supra; Annotation, 10 A.L.R.2d 1351, 1353. Most courts pay lip service to these definitions, but seem to find great difficulty in applying them to the varied factual situations which require adjudication. The commercial and social relationships that can exist between the driver of an automobile and his passenger are almost as numerous and varied as human activity itself. At one extreme we have the "hitchhiker" guest who clearly falls within the purview of the statute. At the other extreme we have the passenger who pays the driver

to be transported to a particular place and who is unquestionably beyond the scope of the statute. Between these two extremes the dividing line may at times become illusory and shadowy. It is sometimes necessary to enter into a detailed examination of the present and former relations between driver and passenger; implied and expressed arrangements made between them as to the conduct of the particular trip; the purpose of the mission; the benefits accruing to the driver and passenger from the expedition; and any other factors that bring into proper focus the true status of the parties at the time of the accident which give rise to the legal action.

A majority of this court concurred in that portion of the dissenting opinion of Livingston, J. [present Chief Justice], in Blair v. Greene [247 Ala. 104, 22 So.2d 837], supra, in which he quoted, with approval, extracts from the decisions of other jurisdictions:

"* * * ' * * * following the precepts and rules of construction herein noted, the cases indicate, * * * that where the relationship between the parties is one of business and the transportation is supplied in the pursuit thereof for their mutual benefit, compensation has been given and the plaintiff is a passenger and not a guest.'" McCann v. Hoffman, 9 Cal. 2d 279, 70 P.2d 909, 913, citing numerous authorities in support thereof.

"* * * 'The Legislature, when it used the word "guest," did not intend to include persons who are being transported for the mutual benefit of both the passenger and the operator or the owner of the car, and, in determining whether the transportation was for the mutual benefit of both, not merely the act of transportation must be considered, but also any contract or relationship between the parties to which it was an incident.'" Kruy v. Smith, 108 Conn. 628, 144 A. 304, 305.

Additional support of the above propositions may be found in Russell v. Parlee, supra; Peery v. Mershon, 149 Fla. 351, 5 So.2d 694; Leonard v. Stone, 313 Ill. App. 149, 39 N.E.2d 388; Knutson v. Lurie, 217 Iowa 192, 251 N.W. 147; Bailey v. Neale, 63 Ohio App. 62, 25 N.E.2d 310; Hoover v. Harris, 177 Tenn. 467, 151 S.W. 2d 152. In Wagnon v. Patterson, supra, is the following statement [260 Ala. 297, 70 So.2d 249]:

"'The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, good will or the like, on the person furnishing the transportation, the rider is a guest; but *if his carriage tends to promote the mutual interest of both himself and driver for their common benefit,* thus creating a joint business relationship between the motorist and his rider, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, *the rider is a passenger and not a guest.'"* [Emphasis supplied.] Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 10 A.L.R.2d 1342.

To the same effect are the following cases: Bree v. Lamb, 120 Conn. 1, 178 A. 919; Sigel v. Gordon, 117 Conn. 271, 167 A. 719, Leonard v. Stone, supra; Thuente v. Hart Motors, supra; Monison v. McCoy, 266 Mich. 693, 256 N.W. 49; Smith v. Clute, supra; Hale v. Hale, 219 N.C. 191, 13 S.E.2d 221; Duncan v. Hutchinson, 139 Ohio St. 185, 39 N.E.2d 140; Smith v. Pacific Truck Express, 164 Or. 318, 100 P. 2d 474; O'Hagan v. Byron, 153 Pa.Super. 372, 33 A.2d 779; Scotvold v. Scotvold, 68 S.D. 53, 298 N.W. 266; Chumley v. Anderton, 20 Tenn.App. 621, 103 S.W.2d 331; Henry v. Henson, Tex.Civ.App., 174 S.W. 2d 270; Hart v. Hogan, 173 Wash. 598, 24 P.2d 99. Corpus Juris Secundum states the proposition as follows:

"* * * In order to keep the person transported from being a gratuitous

guest, it is not necessary that he should have paid or agreed to pay directly for his transportation or be a 'passenger for hire' in the legal sense of the term; and the payment or compensation which the carrier derives from the undertaking need not consist of cash or its equivalent, but may consist of some other substantial benefit, recompense, or return making it worth while for him to furnish the ride." 60 C.J.S., Motor Vehicles, § 399(5)b, p. 1011.

In Blair v. Greene, supra, this court quoted the following statement from Humphreys v. San Francisco Area Council, etc., Cal.App., 129 P.2d 118, with approval:

" 'If the excursion is not purely social, *any* benefit to the driver of the automobile conferred or anticipated or mutual benefit present or anticipated to the driver and the person carried is sufficient to take the case out of the automobile guest statute.' " [Emphasis supplied.]

■ The above statement, however, must be considered together with the general rule that a mere incidental benefit to the driver is not sufficient to take the rider out of the guest statute. The benefit conferred must in some degree have induced the driver to extend the offer to the rider. Further, courts have generally held that the benefit must be material and tangible and must flow from the transportation provided. Druzanich v. Criley, 19 Cal.2d 439, 122 P.2d 53; Bree v. Lamb, supra; Liberty Mut. Ins. Co. v. Stitzle, 220 Ind. 180, 41 N.E.2d 133; Thuente v. Hart Motors, supra; Srajer v.

Schwartzman, 164 Kan. 241, 188 P.2d 971; Brody v. Harris, 308 Mich. 234, 13 N.W.2d 273, 155 A.L.R. 573; Nyberg v. Kirby, 65 Nev. 42, 188 P.2d 1006, 193 P.2d 850; Hale v. Hale, supra; Voelkl v. Latin, 58 Ohio App. 245, 16 N.E.2d 519; Melcher v. Adams, 174 Or. 75, 146 P.2d 354; Schiltz v. Picton, 66 S.D. 301, 282 N.W. 519; Henry v. Henson, supra; Iron v. Sauve, 27 Wash.2d 562, 179 P.2d 327.

■ In the instant case the relationship between the defendant driver and the plaintiff passenger was clearly that of prospective employer and employee. There was no social relationship between the parties. It was the legal duty, as well as his pleasure, for the defendant to provide proper nursing care for his wife. The trip which resulted in the plaintiff's injury was undertaken by the defendant and his daughter to facilitate negotiations leading to the employment of the plaintiff as a practical nurse for defendant's sick wife. Under the circumstances of this particular case we cannot hold as a matter of law that no tangible benefit flowed to the defendant-appellant from the automobile trip, or that such benefit did not induce the defendant to transport plaintiff. Indeed, the evidence tends to indicate the contrary. It follows that the requested charges which are necessarily based on the converse premise were properly refused.

The judgment of the circuit court is due to be, and is hereby, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.