STEPHENSON, GUNTER, Associate Judge.
Appellant, plaintiff below, has perfected this appeal from a summary judgment entered in favor of appellee, one of the defendants below, and from a subsequent order revoking permission to amend his complaint which had been extended to appellant after entry of the summary judgment order. A co-defendant below, Brandon Transfer & Storage Company, Inc., was dismissed from the cause during the proceedings by stipulation.
*325 Appellant is the widow of one Roland A. Bramble, deceased, who was killed in a collision between a vehicle driven by one Earl Blodgett and a truck operated by an employee of the Brandon Transfer & Storage Company, Inc. Bramble had been a passenger in the automobile operated by Blodg-ett. June B. Garris is executrix of the estate of Blodgett and was consequently named in that capacity as defendant below and appellee before this court.
The proximate cause of the accident is asserted to be the failure of Blodgett to stop at a red light at the intersection of State Road 7 and State Road 80 at appproximately 6:45 P.M. on March 7, 1960. ' As the car entered the intersection, it was struck by a tractor-trailer belonging to the Brandon Company, and the occupants of the automobile were both killed. The original complaint against the estate of Blodgett described in the first count the relationship existing between Blodgett and Bramble and asserted simple negligence on the part of Blodgett in the operation of his vehicle. The second count asserted gross negligence on the part of Blodgett for the purpose of obtaining punitive damages only. This second count was struck by the court upon the premise that punitive damages cannot be recovered in an action for wrongful death. No objection has been registered to this action of the trial judge.
The third count asserted a cause of action against the co-defendant, Brandon Company, but as related, this count was dismissed upon stipulation. Following the pretrial conference, held on March IS, 1961, the cause was set for trial on the first count of the complaint; appellee thereupon on March 24th filed a motion for summary judgment based upon the pleadings and depositions in the record. Hearing was had upon this motion on March 27th, and the court apparently took the matter under advisement.
Later during the same day, counsel for appellant filed a motion for leave to amend her complaint so as to allege a cause of action for gross negligence under the Guest Passenger Statute. On the following day, March 28, 1961, the court entered an order of summary judgment in favor of appellee, and made a finding as to certain material facts in the cattse. Referring to the question as being whether or not a genuine issue of fact existed as to the presence of a joint venture at the time of the accident, the court recognized that the driver, Blodgett, and Bramble both owned stock in a close corporation having offices in Pahokee, Florida, which was the destination of the parties when they were killed. Blodgett, a vice president, was said to own 4 shares out of 100 in the corporation in which Bramble, the president, owned 76 shares. Blodgett, it was indicated, was an officer and employee of the company, and Bramble was stated to be in Florida on business. A description of the manner in which the offer of Blodgett to drive Bramble from West Palm Beach to Pahokee was set forth, and the court concluded that the record indicated that the driving of Bramble to Pahokee was a courtesy and a voluntary act on the part of Blodgett. No joint venture was deemed to exist and summary judgment was entered in favor of appellee. Later that same day, the amended complaint was filed asserting an additional count dealing with an allegation of gross negligence so as to fit within the confines of the Florida Guest Statute, section 320.59, Florida Statutes, F.S.A.
Subsequently, on March 30th, hearing was held on the plaintiff’s motion to file an amended complaint and the motion was granted through order entered that date. A few days later appellee filed several motions, among which was a motion to dismiss the amendment to the complaint. On April 19th the trial judge entered an order dismissing the amendment, reversing its previous order entered March 30th which had allowed the amendment to be filed. As grounds the court recited that the question had been raised as to whether it had jurisdiction to authorize the filing of the amendment subsequent to entry of an order granting summary judgment in favor of appellee. The *326 court decided that it had been error to grant the motion to amend since it had lost jurisdiction of the cause upon entering the summary judgment order. The amended complaint was dismissed.
Appellant has raised two issues for determination here. The first inquires whether or not a question of fact for a jury to determine was presented in regard to the existence of a business venture relationship between Bramble and Blodgett. The second issue concerns the dismissing of the amended complaint on the ground of lack of jurisdiction.
Appellee has filed a motion to dismiss the appeal, and such motion is also presented at this time for determination. Upon consideration, we conclude that the motion to dismiss the appeal should be and accordingly is denied. This court will now proceed to an examination of the issues on the merits.
The second point on appeal presented by appellant concerns the issue of whether the lower court lost jurisdiction of the cause so as to preclude it from entering the order permitting amendment to the complaint. Both briefs engage in extended discussion and argument as to this issue and attempt to analogize to various Supreme Court opinions which are asserted to be inconsistent.
A recent and illuminating decision in this area is Floyd v. State, Fla.1962, 139 So.2d 873. The Third District Court of Appeal, in an opinion recorded at 131 So.2d 208, entered judgment prohibiting a trial judge from granting a petition for rehearing addressed to a summary judgment. After issuing writ of certiorari, the Supreme Court exhaustively considered the matter, and found that the inherent powers of a court to repair an injury it had occasioned would permit a circuit court judge to grant a petition for rehearing addressed to a summary judgment. The court stated that “ * * * a trial court should control its own judgments, until its jurisdiction is lost by the passage of time, so that mistakes such as the one the trial judge was convinced he had made in this case can be corrected.” It is noted that amended Rule 2.8, Florida Rules of Civil Procedure, 31 F.S.A., now specifically permits a judge to reopen a summary judgment on motion for rehearing.
The matter of jurisdiction discussed above and the way in which the judgment may be reopened for further proceedings will be applicable, however, only if this court affirms the summary judgment entered based upon the original pleadings and depositions. A reversal of this judgment would automatically reopen the case and permit amendment of the complaint as a matter of course. The propriety of the summary judgment itself will now be looked to.
Summary judgment may properly be entered only if all the matters presented for consideration clearly indicate that no material issue of fact or law remains such as should be presented to a jury for consideration. The contest here revolves about whether or not Bramble, the president of the corporation in which Blodgett, the vehicle operator, was vice president, was a guest of Blodgett within the contemplation of section 320.59, Florida Statutes, F.S.A., so that a finding of gross negligence rather than simple negligence was necessary as a prerequisite to recovery by plaintiff.
The lower court in his order confined his discussion solely to whether or not a joint venture between Blodgett and Bramble had been established. Upon determining that it had not, he thereupon entered summary judgment for defendant appellee. It would seem, however, that the status of Bramble as either a passenger or guest of Blodgett must be considered in its totality, and that a determination be made of whether or not Bramble’s situation was outside the contemplation of the guest statute. In this connection a statement found in the case of Sullivan v. Davis, 1955, 263 Ala. 685, 83 So.2d 434, 59 A.L.R.2d 331, bears upon the problem. The court, in considering whether plaintiff was a guest in the automobile of the defendant at the time of the injury with *327 in the meaning of the Alabama guest statute, stated:
“ * * * The commercial and social relationships that can exist between the driver of an automobile and his passenger are almost as numerous and varied as human activity itself. At one extreme we have the ‘hitchhiker’ guest who clearly falls within the purview of the statute. At the other extreme we have the passenger who pays the driver to be transported to a particular place and who is unquestionably beyond the scope of the statute. Between these two extremes the dividing line may at times become illusory and shadowy. It is sometimes necessary to enter into a detailed examination of the present and former relations between driver and passenger; implied and expressed arrangements made between them as to the conduct of the particular trip; the purpose of the mission; the benefits accruing to the driver and passenger from the expedition; and any other factors that bring into proper focus the true status of the parties at the time of the accident which give rise to the legal action.”
The Statute of Florida has had occasion to consider the relationship of a passenger and vehicle operator as it existed under varied factual patterns. A leading case in this area is Peery v. Mershon, 1942, 149 Fla. 351, 5 So.2d 694, in which a plaintiff employed by defendants as nurse and governess for their children was injured while being transported by defendant-wife. She was found not to be a guest within the contemplation of the statute. The case quoted extensively from 4 Blashfield, Cyclopedia of Automobile Law and Procedure, Permanent Edition, sections 2291 and 2292. The quoted material inter alia indicated that not only the specific act of transportation but also the general relationship of the parties might be considered. Plaintiff-servant was allowed to recover for injuries suffered proximately from the simple negligence of the defendant wife.
The exceptions then grafted upon the guest statute were expanded in the case of Handsel v. Handsel, Fla.1954, 72 So.2d 813. A directed verdict for plaintiff on the issue of negligence was affirmed per curiam on the authority of the Peery v. Mershon case and the cited sections of Blashfield. A specially concurring opinion noted that the doctrine of the Mershon case was being applied to other than a master and servant relationship. The operator of the car and the plaintiff were said to be making a short journey for their mutual benefit.
Sproule v. Nelson, Fla.1955, 81 So.2d 478, 76 A.L.R.2d 1066, reiterated the principles codified in the Mershon and Handsel cases, and again stated that the guest statute did not apply when the transportation was solely for the benefit or mutual benefit of the passenger and the owner of the vehicle. An employee had been injured while riding upon a fuel truck so as to more expeditiously accomplish the refueling of an airplane. Since the refueling was for the mutual advantage of the employer of plaintiff and the employer of the vehicle operator, the guest statute was deemed not applicable. It was additionally stated that the rule is settled in this country that the guest statute cannot be invoked in commercial transactions.
This reasoning was utilized in the case of Sullivan v. Stock, Fla.App.1957, 98 So. 2d 507, wherein plaintiff-passenger was injured when the automobile in which he was riding was driven against a telephone pole by defendant-driver. The purpose of the automobile journey, made at the request of the owner of the car, was to procure a loan for the owner; the passenger was to guarantee payment. The relationship of owner and guest was asserted not to exist. The case reviewed in some detail the authorities bearing upon the host-guest dilemma.
In Tillman v. McLeod, Fla.App.1960, 124 So.2d 135, plaintiff-passenger was found not to be a guest of defendant-driver in a suit arising out of an automobile accident. Plaintiff was a property owner who had *328 been unable to obtain a loan, and defendant, a contractor, was escorting plaintiff to another potential financial source. Summary judgment against plaintiff was reversed, with the court again citing the applicable sections of Blashfield, as well as 5A Am. Jur., Automobiles and Highway Traffic, section 514. The Court again applied the legal principle of mutual benefits and declared the inapplicability of the guest statute in commercial transactions.
A case to the contrary is Berne v. Peterson, Fla.App.1959, 113 So.2d 718. The parties to the action had been engaged in a business conference, but had adjourned for dinner. They had not completed their discussions, but planned to return to the matters subsequent to the meal. While proceeding to the house of defendant so as to wash up, have a drink, and go to dinner, defendant negligently allowed the vehicle which he was driving to strike an obstruction, injuring plaintiff passenger. The court recognized that the guest statute was not applicable in a situation where the motivating purpose of the transportation was the mutual benefit of the driver and his passenger or the sole benefit of the driver. It continued by stating that the statute would be applied when the motivating purpose of the transportation was companionship, pleasure, social amenities, hospitality, and the like. The trip here was not deemed to be for a business or commercial purpose within the exception of the guest statute, but amounted to a social interlude when the parties suspended the business conference to go to dinner. The presence of some amount of business or “shop” talk at dinner was not considered sufficient to change the purpose of the trip. Any commercial aspects of the journey were declared to be wholly incidental to its social purpose, and too remote to be tangible or cognizable.
One of the earlier decisions, Yokom v. Rodriguez, Fla.1949, 41 So.2d 446, also utilized this host-guest relationship within the context of the guest statute to find that a showing of gross negligence or willful and wanton misconduct was necessary as a prelude to recovery by plaintiff. The case involved an asserted joint enterprise, and concerned a trip to the City of Punta Gorda, Florida, by the parties. The proposal by plaintiff that she would pay the expenses was not of itself sufficient to establish a joint venture, in that the trip had for its only object or purpose the transportation of plaintiff to the City of Punta Gorda at her request. The three essentials of a joint enterprise were listed: 1) an agreement, expressed or implied, to enter into an undertaking; 2) community of interest in the object and purpose to be accomplished; 3) equal authority vested in the parties. It was pointed out that defendant, a male acquaintance of plaintiff, had acceded to her request for transportation as an act of graciousness and courtesy, and under the circumstances, plaintiff was deemed to occupy the category of a guest.
An exhaustive A.L.R. annotation evaluating the authorities that concern themselves with the mutual benefits doctrine may be found at 59 A.L.R. 336.
When the evidence presented here is considered in light of the authorities discussed above, it would seem that a question of fact remained as to whether or not Bramble occupied the status of a guest within the contemplation of the statute. Although the facts do not completely comport with the traditional elements listed for the establishment of a joint venture, they are adequate to set forth a commercial or business relationship between the parties as at least a possibility giving rise to the journey, so that Bramble might be deemed to be in a different category from the gratuitous nonpaying guest passenger or hitchhiker. The decedents were both executive corporate officers concerned with the management and operation of a close corporation located in Pahokee. Both were shareholders, although it is true that Blodgett owned but 4 shares. Both were in the habit of making periodic trips at regular intervals to the corporate offices for inspection purposes. It would seem difficult to state that no possibility of a business reason for the trip here *329 existed under the circumstances. The fact that Blodgett volunteered to transport Bramble is not of itself such compelling evidence that it would leave a jury no option but to conclude that the parties embarked on the voyage only for reasons of fellowship, companionship, courtesy or friendship. The business context in which the entire occurrence took place has a more significant impact here than credited to it by the trial judge, and a proper issue is presented for evaluation by a jury.
It follows that the summary judgment must be reversed and the cause remanded.
Reversed.
ALLEN, Acting C. J., and SMITH, J., concur.