199 So.2d 165

**James W. HARRISON et al.**

**v.**

**J. E. McCLEARY.**

**6 Div. 270.**

Supreme Court of Alabama.

Jan. 26, 1967.

Rehearing Denied June 1, 1967.

Robt. McD. Smith and Lange, Simpson, Robinson & Somerville, Birmingham, for appellants.

Hare, Wynn, Newell & Newton, Birmingham, for appellee.

## PER CURIAM.

The appellee, plaintiff below, sued James W. Harrison, Vulcan Materials Company, Birmingham Transit Company and J. C. Perry (the bus driver) for personal injuries resulting from an accident involving the automobile in which he was riding and a Birmingham Transit Company bus.

The jury returned a verdict in favor of plaintiff and against Harrison and Vulcan Materials in the amount of $30,000. It returned a verdict in favor of Perry and Birmingham Transit Company.

The appellant Harrison was driving an automobile which ran into the rear of the bus which had stopped on the right side of the street to allow passengers to get on and off. The plaintiff McCleary was riding in Harrison's automobile at the time of the accident, on the front seat with the driver. At the time of the accident, Harrison was the national sales manager for Vulcan Signs and Stamping Division of Vulcan Materials Company. McCleary was a resident of Venice, Florida and was a distributor of municipal street signs manufactured by Vulcan Sign and Stamping Division of Vulcan Materials Company. McCleary had stopped in Birmingham en route to his home in Florida from Ohio. He arrived in Birmingham around 10:00

A. M. of the day during which the accident happened. Immediately upon his arrival in Birmingham he went to the Vulcan plant and discussed business with Harrison until about 2:00 P. M. During this period of time Harrison offered to take McCleary to dinner that night. It was agreed that he would pick him up at his motel later. He did pick him up and the accident occurred while they were en route from the motel to a downtown hotel where Harrison testified they were to have dinner.

The case went to the jury on a single count charging all four defendants with negligence, and containing the following averments:

"* * * and the plaintiff was present on said occasion in the said automobile * * * not in the status of a guest within the meaning of the Alabama Guest Statute but as a business invitee of the defendants * * * and upon the express or implied invitation of the defendants James W. Harrison and Vulcan Materials Company, a corporation, on a mission or trip related to the business of defendants James W. Harrison and Vulcan Materials Company * * * which afforded a substantial benefit to the defendants James W. Harrison and Vulcan Materials Company * * * for transporting the plaintiff in said automobile as aforesaid; * * *"

As noted, the jury returned a verdict for the plaintiff against the two defendants who have appealed here.

Appellant Vulcan raises issues not raised by Harrison but each bases the appeal on the contention that the Alabama Guest Statute was applicable and that the court erred in failing to give charges which in effect would have taken the case from the jury on this issue. In other words, it is the contention of the appellants that under the facts as adduced at the trial the court should have ruled as a matter of law that the case fell within the guest statute. (Error is also urged for failure to grant a new trial on timely motion.)

This court has had several cases before it involving the application of Title 36, § 95, Code, which is as follows:

"Liable only for willful or wanton misconduct.—The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

As noted in Sullivan v. Davis, 263 Ala. 685, 83 So.2d 434, 59 A.L.R.2d 331, our statute does not undertake to define "guest." The definition of the term has been left to the court.

In an effort to discharge this responsibility, we have had occasion to express certain general rules, for example, the following from Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244:

" 'The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, good will or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both himself and driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest.' –Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 10 A.L.R.2d 1342.

Further, in Blair v. Greene, 247 Ala. 104, 22 So.2d 834:

" 'If the excursion is not purely social, any benefit to the driver of the automobile conferred or anticipated or mutual benefit present or anticipated to the driver and the person carried is sufficient to take the case out of the automobile guest statute.' "–Humphreys v. San Francisco Area Council, etc., Cal. App., 129 P.2d 118.

In 1962, the rule was said to have been established by Blair v. Green, supra, Sullivan v. Davis, supra, and Klein v. Harris, 268 Ala. 540, 108 So.2d 425, that

" * * * if the trip is for any benefit to the driver, conferred or anticipated, it is sufficient to take the case out of the guest statute, but a mere incidental benefit to the driver is not sufficient. The benefit to the driver must in some way have induced the driver to extend the offer to the rider, and the benefit must be material and tangible and must flow from the transportation provided."–From Kemp v. Jackson, 274 Ala. 29, 145 So.2d 187.

See also Russell v. Thomas, 278 Ala. 400, 178 So.2d 556 (1965).

With the foregoing legal guidelines, let us look to the facts in the present case.

Here the tendencies of the evidence on the part of the plaintiff were to the effect that he was a business invitee of Harrison and Vulcan. It was established that he had been doing business with Vulcan for some time, that his stop in Birmingham was for the purpose of discussing business with Vulcan through Harrison, its sales manager. He spent several hours during the day in which the accident occurred talking business with Harrison at the Vulcan plant. Following this business conference he returned to his motel. Harrison had offered to "buy him the best steak in town" that night. Harrison came to his motel, picked him up and the accident oc-

curred en route to the restaurant. Plaintiff further testified, however, that it was his intention, expressed to Harrison at the afternoon parting, to discuss further business with him over dinner and in fact according to plaintiff he had prepared a list of items to go over with Harrison which list was in his pocket at the time of the accident.

Harrison on the other hand through his testimony and that adduced on his behalf took the position that the trip to dinner was purely social, having nothing whatsoever to do with business. However, he admitted that Vulcan would have reimbursed him for the expenses of taking the plaintiff to dinner.

It was undisputed that en route to dinner that night Harrison went by the Vulcan plant to pick up some memorandum pads which Vulcan gave to customers and that he gave them to plaintiff after he expressed interest in them.

Can it be gainsaid that the driver of this automobile on this occasion derived no benefit from this excursion within the meaning of the expressions contained in our cases? One side takes the position that the trip itself was purely a social occasion. The other takes the position that it was business connected; that these parties would not likely have been together on this occasion but for the fact that they had a business relationship. It is a close question. There were facts adduced at the trial, not all of which were consistent, which would support both contentions.

■ After a painstaking review of the evidence, we have concluded that we cannot as a matter of law in the circumstances of this case hold that no tangible benefit flowed to the driver from this automobile trip, "or that such benefit did not induce the defendant to transport plaintiff".–Sullivan v. Davis, supra.

The state of the evidence being what it is, we believe that the trial court correctly submitted the question to the jury.

■ We again approve the wisdom expressed in 4 Blashfield's Cyclopedia of Automobile Law and Practice, Part 1, p. 326, § 2292:

"Where a dispute exists as to what were the respective purposes or conditions for or upon which the transportation was undertaken, relative to the nature and existence, if any, of the benefits conferred upon the respective parties, it is ordinarily a question of fact whether or not the invitee was a guest within the meaning of the statutes.

"Where, however, reasonable minds can reach but one conclusion from the uncontroverted facts, the question becomes one of law for the court."

We do not find the circumstances of this case such that we could say that reasonable minds could reach but one conclusion as to the purposes for which this trip was undertaken. The determination of the question was properly left to the jury under proper charge, which we find the court did here in an unusually clear and fair charge. We find no error involved in those assignments dealing with this aspect of the appeal.

■ The only other assignment of error sufficiently insisted upon by appellant Vulcan is to the effect that the court erred in permitting the plaintiff to put in evidence the deposition of defendant Harrison taken some year before the trial. It is contended by Vulcan that it was error to allow this deposition in evidence against Vulcan, the co-defendant. There was no error here. Under our statute, Title 7, § 474(1) et seq., the deposition of a defendant "may be used by the adverse party for any purpose". We need not go into this at length here, however, since a close reading of the record indicates that the deposition was introduced for the purpose of impeaching defendant Harrison's testimony on the stand. The deposition disclosed that Harrison had said he was taking plaintiff to dinner on the occasion of the accident "for my company".

He testified on the stand that he was taking him solely for social reasons. The plaintiff was entitled to use the deposition to impeach.—Dunahoo v. Brooks, 272 Ala. 87, 128 So.2d 485.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL, and HARWOOD, JJ., concur.