BRADY, ET AL., Administrators of the Estate
of John F. Brady, III, ET AL. *v*. STATE
FARM MUTUAL AUTOMOBILE IN-
SURANCE COMPANY ET AL.

[No. 368, September Term, 1968.]

*Decided July 8, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Thomas D. Noeth* for appellants.

*Daniel O'C. Tracey, Jr.*, with whom were *James H. Cook, Cook, Mudd & Howard* and *George B. Johns* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

On September 12, 1966, John F. Brady, III, died as the result of injuries he sustained while riding as a passenger in an automobile operated by the appellee, Judith A. Fenner, in the State of Alabama. Thereafter, the appellants John F. Brady, Jr. and Mildred C. Brady, as administrators of the estate of John F. Brady, III, brought suit against Miss Fenner for pain and suffering, hospital and funeral expenses. They also sued in their own right as surviving parents for the loss they sustained by virtue of their son's death. Further, in an additional count they sued the State Farm Mutual Automobile Insurance Company alleging the existence of an insurance contract the terms of which entitled them to certain benefits. After State Farm filed a plea on its behalf, an order of satisfaction as to this count was entered by the appellants.

Following the taking of the deposition of the appellee, she filed a motion for summary judgment, citing the Alabama automobile guest statute. After hearing argument of counsel, the lower court (Raine, J.) granted appellee's motion for summary judgment and entered judgment for costs in her favor on November 19, 1968. From that judgment the Bradys have appealed.

The facts of this case are found in the transcript of

the deposition of the appellee which was taken on October 6, 1967. On September 10, 1966, Judith Fenner left her home in Parkville, Baltimore County, Maryland, where she resided with her parents, en route to Rice University in Houston, Texas. Miss Fenner was going to begin her third year as a graduate student. She was accompanied on her trip by John F. Brady, III, whom she had been dating during the prior four and a half years and "very frequently" during the months of July and August 1966. According to the appellee's testimony, the deceased had been concerned about her driving alone and since he was on vacation for a few days and had never taken the trip, he offered to accompany her on the trip and assist in the driving. As they proceeded south, Miss Fenner and Mr. Brady shared the driving. However, the appellee testified that she paid for the gasoline used on the trip. Although Mr. Brady paid for her meals, Miss Fenner stated that such payments were made as a matter of convenience and that they had an agreement whereby she would reimburse him for the cost of her meals. Further, she indicated that she had paid for her own lodging for the nights of September 10 and 11.

On the morning of September 12, 1966, in a "heavy drizzle" Miss Fenner was operating a 1956 Ford tudor coupe at a speed of between sixty-five and seventy miles per hour on Interstate Route No. 59, near Attalla, Alabama. The speed limit on that highway was seventy miles per hour according to Miss Fenner. While her vehicle was crossing a four lane bridge it went into a skid, "fish tailed", and collided with the side of the bridge. As a result of the accident, Mr. Brady apparently struck his eye on the gear shift of the automobile and following that injury he died two days later.

On appeal the Bradys present three questions:

> "1. Was John F. Brady, III, deceased, a guest or a passenger in an automobile driven by the appellee, Judith A. Fenner, within the meaning of the Alabama Law?

"2. If John F. Brady, III, deceased, was a guest within the meaning of the Alabama Law, was the negligence on the part of the appellee, Judith A. Fenner, willful or wanton?

"3. Did the lower court err in granting the motion for summary judgment of the defendant as there is a genuine dispute as to the material facts in said case?"

The rule is well established that Maryland applies the *lex loci delicti* to cases such as the instant one, *Cook v. Pryor,* 251 Md. 41, 246 A. 2d 271 (1968) and cases cited therein, and the parties agree that substantive Alabama law applies.

The legislature of Alabama has enacted an automobile guest law which provides as follows:

*"Liable only for willful or wanton misconduct.* —The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

Code of Alabama 1940 (Recompiled 1958), Title 36, Section 95. That section does not undertake to define the term "guest" but that responsibility has been left to judicial construction. *Harrison v. McCleary,* 281 Ala. 87, 199 So. 2d 165 (1967); *Sullivan v. Davis,* 263 Ala. 685, 83 So. 2d 434 (1955). The most recent Alabama case setting forth the legal guide lines on this subject is *Harrison v. McCleary, supra.* In that case the Supreme Court of Alabama quoted from *Wagnon v. Patterson,* 260 Ala. 297, 70 So. 2d 244 (1954):

" 'The general rule is that if the transporta-

tion of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, good will or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both himself and driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest.' " 281 Ala. at 90, 199 So. 2d at 167.

Applying this test, we conclude that the lower court was correct in finding, as it apparently did, that Brady was a guest in Miss Fenner's automobile and as such the appellants could recover only if they established that the appellee's conduct was wanton and willful. An examination of Miss Fenner's deposition reveals that she received no benefits other than those which are incidental to hospitality and social amenities. According to her testimony, she paid for the costs of operating the automobile, and the expense of her lodging while en route to Houston. Further, she stated that she had agreed to reimburse Brady for the cost of her meals. It is interesting to note that in Alabama, sharing the costs of operating the car on a trip does not necessarily transform a guest into a paying customer. *Wagnon v. Patterson, supra.*

Appellants urge, however, that Brady shared the driving with Miss Fenner and as a result, he conferred some benefit upon her. They quote from *Klein v. Harris,* 268 Ala. 540, 545, 108 So. 2d 425, 429 (1959) for the proposition that "if the trip is for any benefit to the driver (defendant), conferred or anticipated, it is sufficient to

take the case out of the guest statute." However, the Supreme Court of Alabama continued: "But it is said in *Sullivan v. Davis,* 263 Ala. 685, 83 So. 2d 434, 437, that a mere incidental benefit to the driver is not sufficient. The benefit thus conferred must in some way have induced the driver to extend the offer to the rider." 268 Ala. at 545, 108 So. 2d 429. Unfortunately for the appellants, the evidence *does not indicate that* Miss Fenner requested Brady to accompany her to Houston for the sole purpose of sharing the driving—actually Brady asked to accompany her—and certainly there was no business or contractual relationship between the deceased and the appellee. This Court concludes that the inducing cause of the transportation was the parties' desire to spend a few more days with each other before Miss Fenner commenced her fall semester at Rice University. Hence Brady's assisting in driving was incidental to the primary purpose of companionship and was too remote a benefit to make the guest statute inapplicable.

Next, we turn to the issue of whether Miss Fenner was guilty of wanton or willful negligence for which the appellants could recover. The Supreme Court of Alabama has recently defined the term "wantonness" as follows:

> "the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury."

*Tucker v. Cox,* 282 Ala. 489, 490, 213 So. 2d 222, 223 (1968). See *Jackson v. Cook,* 275 Ala. 151, 153 So. 2d 229 (1963); *Randolph v. Kessler,* 275 Ala. 73, 152 So. 2d 138 (1963); *Griffin Lumber Co. v. Harper,* 247 Ala. 616, 25 So. 2d 505 (1946). Applying this test to the evi-

dence in this case this Court holds that there is none from which a jury could reasonably find that the appellee was guilty of wanton or willful negligence. Miss Fenner's testimony, which was uncontroverted, was to the effect that she was traveling during a "heavy drizzle" at a speed of between sixty-five to seventy miles per hour on a highway on which the speed limit was seventy miles per hour, when her car skidded into the side of the bridge. On these facts, a reasonable inference of wanton or willful misconduct cannot be supported. See *Richards v. Eaves*, 273 Ala. 120, 135 So. 2d 384 (1961).

Finally, the appellants argue that summary judgment should not have been granted since there is a genuine dispute as to material facts in this case. In their brief, the appellants make this assertion, but they do not state which facts they consider to be disputed. Such a mere statement is insufficient to establish a dispute. See *Evans v. Johns Hopkins Univ.*, 224 Md. 234, 167 A. 2d 591 (1961). An examination of appellants' answer to the appellee's motion for summary judgment reveals that the appellants maintain that the issues of whether Brady was a guest, and whether Miss Fenner was guilty of wanton or willful negligence are questions of fact to be submitted to the jury. Since this Court has concluded that reasonable minds could reach but one conclusion from the uncontroverted facts, those questions of fact are for this Court to decide as a matter of law. The law in Alabama is the same. *E.g., Harrison v. McCleary, supra; Boggs v. Turner*, 277 Ala. 157, 168 So. 2d 1 (1964) ; *Wagnon v. Patterson, supra.*

For the above reasons we conclude that the lower court did not err in granting summary judgment for the appellee.

*Judgment affirmed. Costs to be paid by appellants.*