I concur in the Court's affirmance of the summary judgment on the wantonness count, and I write specially only to state specifically why I think that a fact question is presented as to whether the plaintiff was a "guest," within the meaning of Alabama's Guest Statute.
The purpose of Alabama's so-called Guest Statute is succinctly stated in Justice Livingston's dissenting opinion inBlair v. Greene, 247 Ala. 104, 109, 22 So.2d 834, 837 (1945), as follows:
 "The situation that this statute was apparently designed to prevent is well known. As the use of automobiles became almost universal, many cases arose where generous drivers, having offered rides to guests, later found themselves defendants in cases that often turned upon close questions of negligence. Undoubtedly the legislature in adopting this act reflected a certain natural feeling as to the injustice of *Page 1059 
such a situation. The terms of the statute should be construed with their intent and purpose in view, and the purpose and object that the legislature had in mind sometimes throws light upon the meaning of the language used."
(Livingston, J., dissenting.)
This Court has stated also that "the guest statute is in derogation of the common law and as such [it] should be strictly construed." Walker v. Garris, 368 So.2d 277 at 279 (Ala. 1979), citing Green v. Jones, 136 Colo. 512, 319 P.2d 1083
(1957).
Because the term "guest" is not defined in the statute, the duty to define that term falls upon the Court. Harrison v.McCleary, 281 Ala. 87, 199 So.2d 165 (1967); Sullivan v. Davis,263 Ala. 685, 83 So.2d 434 (1955). This Court has held that "[i]t is a question of fact whether one is a guest within the statute." Roe v. Lewis, 416 So.2d 750 (Ala. 1982), citing Boggsv. Turner, 277 Ala. 157, 168 So.2d 1 (1964), for that proposition of law. As the Court said in Roe, "A multitude of factual situations exists to which the statute must be applied." 416 So.2d at 752. Quoting from an earlier Alabama decision, the Court listed some of those factual situations:
 "The commercial and social relationships that can exist between the driver of an automobile and his passenger are almost as numerous and varied as human activity itself. At one extreme we have the 'hitchhiker' guest who clearly falls within the purview of the statute. At the other extreme we have the passenger who pays the driver to be transported to a particular place and who is unquestionably beyond the scope of the statute. Between these two extremes the dividing line may at times become illusory and shadowy. It is sometimes necessary to enter into a detailed examination of the present and former relations between driver and passenger; implied and expressed arrangements made between them as to the conduct of the particular trip; the purpose of the mission; the benefits accruing to the driver and passenger from the expedition; and any other factors that bring into proper focus the true status of the parties at the time of the accident which give[s] rise to the legal action."
416 So.2d at 752-53 (quoting Sullivan v. Davis, 263 Ala. 685, at 687-88, 83 So.2d 434, at 436 (1955)).
I can appreciate the defendant's argument that the plaintiff's daughter and the defendant's child are not parties to this action, but, using the quote from Sullivan v. Davis as a guideline, I find sufficient evidence to present a fact question whether the defendant was deriving some benefit from having the plaintiff ride with her. Consequently, I agree that the summary judgment was improper on the negligence claim.