STEAGALL, Justice.
Dorothy Davis and her husband Abraham Davis sued Nancy Davis and David Delaney, alleging that the defendants had negligently caused a traffic accident that resulted in injury to Dorothy. The plaintiffs consented to a judgment in favor of Delaney, and the trial court subsequently entered a summary judgment in favor of Nancy Davis. The plaintiffs appeal.
A summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. Here, the facts are undisputed: On the day of the accident, Nancy Davis volunteered to take her niece, who was ill, to a doctor’s appointment. Nancy asked Dorothy Davis, the child’s grandmother, to go with her to help take care of the niece. As Nancy drove the group to the doctor’s office, her vehicle was involved in a traffic accident and Dorothy was injured.
The sole issue for review is one of law: Whether the trial court erred in holding that Dorothy was a “guest” within the meaning of Ala.Code 1975, § 32-1-2 (the “Guest Statute”), and was thus unable to recover damages on her negligence claim against Nancy. The statute provides:
*902 “The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.”
Whether one is a “guest” within the meaning of this statute is ordinarily a question of fact for the jury; however, where reasonable minds can reach but one conclusion from the evidence, the question becomes one of law for the court. Harrison v. McCleary, 281 Ala. 87, 199 So.2d 165 (1967).
In this case, it is uncontroverted that Dorothy accompanied Nancy to the doctor’s appointment solely out of love and concern for her sick grandchild. Nancy testified in deposition that she neither sought nor received any “payment” or any benefit from the trip. If the only benefits received by a driver are those such as are incidental to good will, then the passenger is a “guest” within the meaning of the statute. Westbrook v. Gibbs, 285 Ala. 223, 227, 231 So.2d 97, 100 (1970). In view of this, the trial court properly held that Dorothy was a guest under § 32-1-2. Because the plaintiffs seek recovery only upon claims of negligence, and do not allege willful or wanton conduct on Nancy’s part, they may not recover damages against Nancy.
The summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES and ADAMS, JJ., concur.